IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| MARCUS DERAMUS, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-18-2337 |
| | * |
| MONTGOMERY COUNTY DOMESTIC RELATIONS SECTION, *et al*, | |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Marcus Deramus, proceeding *pro se*, filed this action alleging various violations of his constitutional rights in the United States District Court for the District of Columbia. ECF No. 1. The case was transferred to the United States District Court for the District of Maryland. ECF No. 3. Defendants have filed a Motion to Dismiss or, in the alternative, for Summary Judgment. ECF No. 11. Plaintiff opposed this motion, ECF No. 17, and later filed a Motion for Leave to file an Amended Memorandum and Opposition to the Motion to Dismiss, ECF No. 23.[1] No hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Dismiss is granted and Plaintiff's Motion for Leave to Amend is denied as futile.

---

[1] The Motion for Leave to File an Amended Memorandum and Opposition to the Motion to Dismiss includes a request to add "a Fifth Amendment equal protection claim" and includes numerous citations to cases discussing Rule 15(a), so the Court shall construe this as a Motion for Leave to File an Amended Complaint.

I. **BACKGROUND**

Plaintiff contends that in September 2001, he became aware that he allegedly owed $19,128 in child support to Ms. Green. ECF No. 1 at 6.[2] He contends that he was not, in fact, delinquent on his child support payments, and that the amounts allegedly owed were due to fraudulent affidavits and documentation. *Id*. at 8-9. Nonetheless, the child support delinquency remained on his credit report and kept him from obtaining a car loan in September 2003. *Id*. at 11. Plaintiff continued to contest the validity of the child support delinquency through April 2005. *Id*. at 12-13. In June 2005, Defendants informed Plaintiff that he was delinquent on child support owed to Ms. Marguerite Ekongolo in the amount of $28,829.09. *Id*. at 13. Plaintiff alleges that this amount was determined without a hearing of any kind to establish the debt or the paternity of the child. *Id*. at 13. In January 2017, Plaintiff sought to "dismiss both Statements & Allegations in regards to support orders." *Id*. at 18. This effort was denied by Defendants. *Id*.

II. **STANDARD OF REVIEW**

Leave to amend a pleading "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a); however, a motion for leave to amend should be denied when the amendment would be futile. *Devil's Advocate, LLC v. Zurich Amer. Ins. Co.*, 666 F. App'x 256, 267. An amendment to a complaint is futile when the amended complaint could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id*.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the exhibit and page numbers generated by that system.

sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80.

### III. DISCUSSION

In his Complaint, Plaintiff alleges violations of the Fourth, Fifth, and Fourteenth Amendments, and conspiracy. ECF No. 1 at 20. These causes of action arise under 42 U.S.C. § 1983 and 18 U.S.C. § 241. He also references violations of the Fair Debt Collection and Reporting Practices Act ("FDCPA"), the Maryland Declaration of Rights, and regulations promulgated by the U.S. Department of Health and Human Services ("HHS"). *Id*.

A statute of limitations provides that "a cause of action may or must be brought within a certain period of time." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 416 (1998). The "purpose of a statute of limitations is to ensure that causes of action be brought within a reasonable period of time," thus "avoiding stale claims, inconvenience, and fraud that may result from the untimely assertion of such claims." *Delebrau v. Bayview Loan Servicing, LLC*, 680 F.3d 412, 415 (4th Cir.

2012). The Court must dismiss any claim filed after the statute of limitations period has expired. *See, e.g., Wenzlaff v. NationsBank*, 940 F. Supp. 889, 890 (D. Md. 1996).

"The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions, even when a plaintiff's particular § 1983 claim does not involve personal injury." *Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth.*, 807 F.3d 62, 66-67 (4th Cir. 2015) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence giving rise to the cause of action. *See* Md. Cts. & Jud. Proc. Code Ann. § 5-101; *see also Barnhill v. Strong*, No. JFM 07-1678, 2008 WL 544835, at *2 (D. Md. 2008) (Maryland Declaration of Rights claims are subject to a three-year statute of limitations). The statute of limitations begins to run "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nassim v. Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). Plaintiff filed this lawsuit on June 25, 2018, contesting the constitutionality of child custody orders entered in 2002 and 2005. Therefore, the federal and state constitutional claims in his original Complaint and in his Amended Complaint are barred by the statute of limitations; these claims must be dismissed, and amendment of these claims would be futile. Plaintiff's FDCPA claims are governed by a one-year statute of limitations. *Jackson v. Ocwen Loan Servicing, LLC*, 747 F. App'x 159, 160 (4th Cir. 2019). Therefore, these claims must also be dismissed.

Plaintiff's conspiracy claim references 18 U.S.C. § 241, a criminal statute that private actors are not permitted to sue to enforce. *See, e.g, Walker v. U.S. Army Dep't Def. Med. Command*, No. JKB-18-1778, 2019 WL 161498, at *2 (D. Md. 2019) (holding that a private citizen could not state a claim under § 241); *Moore v. Bd. of Educ. of Balt. Coun.*, No. RDB-16-

3439, 2017 WL 3172820, at *3 n.9 (D. Md. 2017) ("[I]t is well established that a private actor may not bring a civil claim pursuant to a criminal statute unless that statute provides a private cause of action."). Therefore, Plaintiff's conspiracy claim must be dismissed.

Finally, Plaintiff mentions or quotes a series of federal statutes and regulations that require states to create procedures for acknowledging the paternity of a child that comport with the Due Process Clause. *See* 42 U.S.C. § 666; 45 C.F.R. 302.70(a)(5)(iii). To the extent that Plaintiff contends that he was not afforded the procedures required by these regulations, his claims still arise under the Due Process Clause pursuant to 42 U.S.C. § 1983, and, as mentioned above, these claims are barred by the statute of limitations.

## IV. CONCLUSION

Defendants' Motion to Dismiss, ECF No. 11, is granted. Plaintiff's Motion for Leave to Amend, ECF No. 23, is denied. A separate Order shall issue.

Date: <u>June 5, 2019</u>　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　United States District Judge